UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS, <br><br> Plaintiff, <br><br> v. <br><br> R. PEREZ and W. SILLAS, <br><br> Defendants. | 1:16-cv-01220-EPG (PC) <br><br> ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL <br> (ECF NO. 11) |

**I.  BACKGROUND**

Gregory C. Bontemps ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 8, 2016.  (ECF No. 1).  On September 12, 2016, Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 10), which the Court granted (ECF No. 11).

On August 26, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

**II.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III.  ANALYSIS

Plaintiff initiated this action on August 8, 2016.  Prior to this date, Plaintiff had been involved with two different cases that had denied or revoked Plaintiff's *in forma pauperis* status:

1. <u>Bontemps v. Sotak,</u> No. 2:09-CV-2115-MCE-EFB, 2015 WL 812360 (E.D. Cal. Feb. 25, 2015)<u>, report and recommendation adopted,</u> No. 2:09-CV-2115-MCE, 2015 WL 1469870 (E.D. Cal. Mar. 30, 2015); and

2. <u>Bontemps v. Harper</u>, No. 2:13-cv-00506-MCE-EFB, 2016 WL 1339577 (E.D. Cal. Apr. 5, 2016), <u>report and recommendation adopted</u>, No. 2:13-cv-00506-MCE-EFB, 2016 WL 3135840 (E.D. Cal. June 2, 2016).

These two decisions examined Plaintiff's prior case filings, and both Courts concluded that Plaintiff had three or more cases that constituted strikes under the "three-strike" rule in 28 U.S.C. § 1915(g).  Upon carefully reviewing these two decisions, the Court finds that the analysis in <u>Sotak</u> and <u>Harper</u> is properly supported by existing law.  Thus, the Court agrees with and hereby adopts the analysis and conclusions.  Therefore, the review of the actions filed by Plaintiff reveals that Plaintiff is subject to the "three-strike" rule in 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  <u>Id.</u> at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  <u>Martin v. Shelton</u>, 319 F.3d

1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.  In the Complaint Plaintiff alleges that Defendants, correctional officers Perez and Sillas, packed his Americans with Disabilities Act ("ADA") appliances at a time he needed them.  Based on the Complaint, it appears that Plaintiff got his ADA appliances back before filing suit.  Plaintiff does not allege that he was under imminent danger of serious bodily harm when he filed this case.

## IV.   CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action.  Accordingly, Plaintiff's *in forma pauperis* status (ECF No. 11) will be revoked, and Plaintiff will be required to pay the $400.00 filing fee in full to proceed with this action.  Failure to follow the directives in this order will result in dismissal of the case.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status (ECF No. 11) is REVOKED;
2. Plaintiff shall pay the $400.00 filing fee in full within 30 days of the date of service of this order in order to proceed with this action; and
3. Failure to pay the filing fee within 30 days of the date of service of this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **January 24, 2017**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE