# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>Plaintiff,<br><br>v.<br><br>R. PEREZ and W. SILLAS,<br><br>Defendants. | Case No. 1:16-cv-01220-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 26) |

Gregory C. Bontemps ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 14, 2018, Plaintiff filed what the Court construes as a motion for reconsideration of the Court's order revoking Plaintiff's *in forma pauperis* status and requiring Plaintiff to pay the $400 filing fee in full within thirty days. (ECF No. 26).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

1

> intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (Id.) (internal quotations marks and citation omitted).

Plaintiff's motion will be denied. Plaintiff has failed to set forth facts or law that shows that he meets any of the above-mentioned reasons for granting relief from either order. In fact, the arguments in Plaintiff's motion for reconsideration (ECF No. 26) are identical to the arguments in his objections to the findings and recommendations (ECF No. 24).

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 26) is DENIED.

IT IS SO ORDERED.

Dated: **May 16, 2018**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE